## HUBEL v. DICK.[1]

*(Circuit Court, S. D. New York. September 6, 1886.)*

1. PATENTS FOR INVENTIONS—REISSUE.

It is competent for a patentee to reissue and omit a claim which is too broad, or to restate the claim, coupled with such restrictions as will bring it within the limits of his original invention.

2. SAME—NEW CLAIM.

It is not competent for a patentee by reissue, after five years, to insert a claim for an invention which had never been the subject-matter of the original claims.

*Frederic H. Betts,* for the motion.
*Josiah P. Fitch,* against the motion.

SHIPMAN, J. This is a petition for the rehearing of the above-entitled cause. The court held that the sixth claim of the second reissue was void upon the ground that it was for a new combination, which, although it might have been applied for in the first reissue, was not applied for until after the lapse of five years from the date of that reissue; and that, although it was said to be a limitation or narrowing of the corresponding claim of the first reissue, it was really an enlargement of that patent, because it described and claimed a different and independent invention. *Hubel* v. *Dick,* 28 Fed. Rep. 132.

The plaintiff now shows that the file-wrapper of the second reissue makes it apparent, and that confessedly the fact was, that the sixth claim of the first reissue was declared void, upon the trial before Judge WALLACE, because a mould-plate and a series of capsule moulds, secured thereto at regular intervals, had been anticipated. The file-wrapper was in evidence, but, having been offered after the testimony was printed, neither the fact that it was in evidence, nor the paper itself, was in the printed record; and the record, as printed, did not show why the sixth claim of the first reissue had been held to be void.

The plaintiff says that Hubel ignorantly supposed himself to have

---

[1]Edited by Charles C. Linthicum, Esq., of the Chicago bar.

been the first inventor of the combination described in that claim, but ascertained his mistake upon the trial, and applied for and obtained a reissue, because, through inadvertence and mistake, he had claimed a broader invention than he was entitled to claim as new; that the new sixth claim confines his invention to its proper limits; and that the mistake of having claimed more than was new can be corrected at any time. *Wooster* v. *Thomson,* 114 U. S. 104; S. C. 5 Sup. Ct. Rep. 788. This statement puts the question in a somewhat new and different light, but the controlling facts remain as they were before. It is now true that the sixth claim of the first reissue was held to be void because a mould-plate, with a series of capsule moulds thereon at regular intervals, was old; and that, for the purpose of having a patent for the invention of which he was the first inventor, Hubel obtained his new sixth claim. It is also true that the new claim is not simply a modification and limitation of the old claim, but is for a different and independent invention, and describes a very important, if not the essential, part of the machine, which had not been included in the claims of the original patent, or of the first reissue. The original sixth claim was, on its face, for the combination of plate, and moulds secured thereto at regular intervals; and I think it proper to include in the combination the frame also. Whether with or without the frame, it did not become an especially important part of the automatic cutting machine until the knives, with their appurtenant mechanism so related to the moulds, and to rotating mechanism of some sort, that they would cut the capsules upon the moulds, were added to the combination. The new sixth claim, which undoubtedly describes the most important part of Hubel's invention, includes also this series of cutting knives.

It was competent for Hubel to reissue and omit the claim which was too broad, or, if that course was practicable, to restate the claim, coupled with such restrictions as to bring it within the limits of his own original invention; but it was not competent for him to go further, and, besides omitting the claim, to insert one for a different and independent invention, and one which, so far as the claims are concerned, had never been the subject-matter of either original or reissued patent. The new sixth claim, as was said in the prior decision, was not a limitation and narrowing of the invention which was described in the first reissue, but it describes an independent invention.

Of course, I do not intend to say that the narrowing of a claim, which inadvertently contained more than the patentee had a right to claim as new, may not be made in a reissue after long delay, and that, to a certain extent, the invention of the reissue may not thereby become a different invention from that which was contained in the too broad statement of the original patent. My decision is confined to the facts in this case, which are that, although a claim in a reissue may have been introduced for the purpose of stating the inven-

tion of the patentee, as a substitute for a claim in the original patent wherein the invention was, by inadvertence, stated too broadly, yet, if the new claim describes and claims an invention altogether different from and independent of the invention described in the original claim, and which is a radical transformation of the invention, as originally stated, and the reissue was applied for five years after the date of the original patent, without adequate excuse for the delay, that such new claim is void by reason of the principles laid down in the various cases which were referred to in the prior opinion. Such a reissue is not for the purpose simply of correcting the mistake of a too broad claim; it is also, and especially, for the purpose of correcting an error of judgment in regard to the character of the original claim, and for the purpose of obtaining a patent for an invention which has never been claimed. The motion is denied.